UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LUCIMAR GOMES BARCELOS, Petitioner, v. DAVID WESLING, et al., Respondents. | * * * * * * * * * * * | Civil Action No. 26-cv-13737-WGY |

**ORDER**

BURROUGHS, D.J.[1]

Before the Court is Petitioner Lucimar Gomes Barcelos's petition for writ of habeas corpus. [ECF No. 1]. "Respondents submit that the legal issues presented in the Petition are similar to those recently addressed by the First Circuit in Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL 2352042, at *1 (1st Cir. Aug. 13, 2026)." [ECF No. 9 at 1]. After careful consideration of the parties' submissions, the Court rules that under Guerrero Orellana the Petitioner is entitled to a bond hearing.

In Guerrero Orellana, the First Circuit "join[ed] the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits in holding that noncitizens . . . who are present in the United States without admission are not subject to [8 U.S.C.] § 1225(b)(2)(A)'s mandatory detention provision, but rather, are governed by [8 U.S.C.] § 1226." 2026 WL 2352042, at *11 (first citing Barbosa da Cunha v. Freden, 175 F.4th 61, 70–71 (2d Cir. 2026); then citing Lopez-Campos v. Raycraft, 175 F.4th 713, 723 (6th Cir. 2026); then citing Cirrus Rojas v. Olson, No. 25-3127,

[1] The Court issues this order in its capacity as the on-duty emergency session.

2026 WL 2198315, at *2 (7th Cir. July 30, 2026); then citing Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); then citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1233, 1246 (10th Cir. 2026); and then citing Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1261–62 (11th Cir. 2026)). Respondents anticipate correctly that "this Court will likely conclude that the basis for Petitioner's detention is 8 U.S.C. § 1226(a) and that Petitioner is entitled to a bond hearing." [ECF No. 9 at 1]. On the facts of this case, and in light of Respondents' concession, the Court follows, as it must, controlling circuit precedent recently established by Guerrero Orellana. Petitioner is subject to 8 U.S.C. § 1226's discretionary detention framework and, accordingly, entitled to a bond hearing. He has not received such a hearing, so his detention is unlawful.[2]

Petitioner's petition, [ECF No. 1], is **GRANTED**.[3] Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this order. In that bond hearing, the immigration judge must expressly state the following findings on the record[4]:

[2] The Court acknowledges Petitioner's reply, [ECF No. 10], and status report, [ECF No. 11], both of which emphasize that Petitioner's "primary request," [ECF No. 10], is for immediate release, but the Court cannot discern a legal basis on which it could grant that request. In his filings to date, Petitioner alleges that the government made a mistake in processing his immigration case, [ECF No. 1 ¶¶ 2–4], and that his request for a bond hearing was denied on technical grounds, [ECF No. 11 at 2], but he has not identified any statute or regulation that, if applicable to him, would entitle him to immediate release. Nor has he explained why such a law should apply instead of 8 U.S.C. § 1226(a), which contemplates a bond hearing, not immediate release. Finally, insofar as he concedes that 8 U.S.C. § 1226(a) applies, he has not cited any case supporting the proposition that the Due Process Clause entitles him to more process than is provided by that statute.

[3] Because the Court has now resolved the merits of Petitioner's habeas petition, his motion for a temporary restraining order, [ECF No. 2], is **DENIED AS MOOT**.

[4] Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021); Atariguana-Buele v. Warden, Plymouth Corr. Facility, No. 26-cv-12168, 2026 WL 1825934, at *2 (D. Mass. June 25, 2026)

(1) whether the government has "prove[d] by clear and convincing evidence that [Petitioner] poses a danger to the community or . . . by a preponderance of the evidence that [he or] she poses a flight risk"; and
(2) if the government has carried its burden:
   (a) the particular evidence by which the government carried its burden;
   (b) how the immigration judge "considered . . . [and] weighed . . . the information [Petitioner] provided" in relation to the government's evidence;
   (c) the chain of reasoning connecting the evidence to the finding of dangerousness or flight risk; and
   (d) the reasons why less-restrictive alternatives to detention, such as GPS monitoring, would be ineffective to mitigate any risk.

Respondents are **ENJOINED** from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). Respondents are **ORDERED** to file a status report within 14 days of this order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The clerk is directed to enter judgment in favor of Petitioner. Petitioner, whose petition requested an award of fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, [ECF No. 1 at 20], is reminded that, under the EAJA, any application for fees is due within 30 days from final judgment within the meaning of 28 U.S.C. § 2412(d)(2)(G), 28 U.S.C. § 2412(d)(1)(B).

**SO ORDERED.**

August 24, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

(discussing need for immigration judge to thoroughly engage with the record); see Costa v. McDonald, No. 25-cv-13469, 2026 WL 371198, at *2 (D. Mass. Feb. 10, 2026) (collecting cases).